IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PARADIGM EQUIPMENT FINANCE, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:18-cv-2284 |
| PETERSON MEDICAL SURGI-CENTER, S.C., AREF SENNO, PAULINE K. SENNO, AND ADVANCED DIAGNOSTICS, INC., | ) ) ) ) ) |
| Defendants | ) |

## COMPLAINT

NOW COMES the Plaintiff PARADIGM EQUIPMENT FINANCE, INC. ("PARADIGM" or "Plaintiff"), by and through its undersigned counsel, and for its Complaint against PETERSON MEDICAL SURGI-CENTER, S.C. ("PETERSON"), AREF SENNO ("AREF"), PAULINE K. SENNO ("PAULINE"), and ADVANCED DIAGNOSTICS, INC. ("ADVANCED DIAGNOSTICS") (collectively, referred to as the "Defendants"), states as follows:

### PARTIES

1. PARADIGM EQUIPMENT FINANCE, INC. is a Utah Corporation that has its principal place of business located at 585 W 500 S Suite 250, Bountiful, Utah 84010.

2. PETERSON is an Illinois corporation with a principal place of business located at 2320 West Peterson Avenue, Chicago, Illinois 60659.

3. AREF is a citizen of the State of Illinois with a residence address of 3200 Illinois Road, Winnetka, Illinois 60093.

1

4. PAULINE is a citizen of the State of Illinois with a residence address of 3200 Illinois Road, Winnetka, Illinois 60093.

5. ADVANCED DIAGNOSTICS is an Illinois corporation with a principal place of business located at 2300 West Peterson Avenue, Chicago, Illinois 60659.

## JURISDICTION & VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) as the Defendants are all Citizens of the State of Illinois, the Plaintiff is a Citizen of Utah, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1) because the Defendants all reside in this judicial district. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because substantial part of the events or omissions giving rise to the claim occurred in this district, or a substantial part of property that is the subject of the action is situated in this district.

## BACKGROUND

8. On or about September 22, 2017, PARADIGM entered into Master Lease Agreement No. PEF0282 ("Agreement") with PETERSON for the lease of certain equipment (the "Equipment"), all as more specifically identified in Lease Schedule No. 001 (the "Schedule"). True and correct copies of the Agreement and Schedule are attached hereto as **Exhibit A**. (The Equipment was already in the possession of PETERSON.)

9. Pursuant to the Agreement, PETERSON authorized PARADIGM to file UCC-1 financing statements and all other filings and recordings, as may be deemed necessary by PARADIGM. See Section 20(p) of the Agreement. True and correct copy of the State of Illinois UCC Financing Statement evidencing Plaintiff's perfected security interest in the Equipment is

attached hereto collectively as **Exhibit B**.

10. The Equipment under the Agreement is as follows:

- 2009 Hitachi Airis II, .23 Open MRI, bearing Serial S/N C 103
- 2009 Hitachi CXR4 CT, bearing S/N CXR46227. See Exhibit B

11. Pursuant to the Agreement and Schedule, PETERSON agreed to make twenty-eight (28) consecutive monthly payments (as a Base Period as defined in the Agreement at paragraph 22(b)) to PARADIGM in the amount of $11,115,00; followed by a residual period of eight (8) months. See Exhibit A. However, Peterson had the option at the end of the Base Period to pay $1 for the purchase of the Equipment:

> Lessee's Options at Maturity of Base Period. At the maturity of the Base Period of any Lease, Lessee [Peterson] shall, provided to Lessor $1.00 after all payments, taxes, and fees due under the lease have been paid, for the purchase of the equipment securing the Lease.

12. Pursuant to the Agreement and Schedule, first and last payments were due at the time of closing. See Exhibit A. And Peterson made ZERO payments except for the first and last payments at or near the time of execution of the Agreement. The first payment due, which was paid at the time of execution, was due on October 1, 2017. The next payment was due on November 1, 2017.

13. Lease Schedule provides that the "[l]ast payment will be credited toward the final residual payment due." See Lease Schedule No. 001 to Master Lease Agreement No. PEF0282.

14. On or about September 22, 2017, AREF executed a continuing guaranty ("AREF's Continuing Guaranty"), pursuant to which he irrevocably and unconditionally guaranteed all of PETERSON's payment and performance obligations under the Agreement and Schedule. A true and

3

correct copy of AREF's Continuing Guaranty is attached hereto as **Exhibit C.**

15. On or about September 22, 2017, PAULINE executed a continuing guaranty ("PAULINE's Continuing Guaranty"), pursuant to which she irrevocably and unconditionally guaranteed all of PETERSON's payment and performance obligations under Agreement and Schedule. A true and correct copy of PAULINE's Continuing Guaranty is attached hereto as **Exhibit D.**

16. On or about September 22, 2017, ADVANCED DIAGNOSTICS executed a continuing guaranty ("ADVANCED DIAGNOSTICS' Continuing Guaranty"), pursuant to which it irrevocably and unconditionally guaranteed all of PETERSON's payment and performance obligations under Agreement and Schedule. A true and correct copy of ADVANCED DIAGNOSTICS's Continuing Guaranty is attached hereto as **Exhibit E.**

17. PARADIGM has performed all of its obligations under the Agreement and Schedule, and all conditions precedent to the institution of this action have been performed, have been excused or have been waived.

18. The rough estimated value of the equipment is $595,000.00, depending on condition and other factors.

## COUNT I
## BREACH OF CONTRACT AGAINST PETERSON

19. PARADIGM restates and realleges Paragraphs 1 through 17 of this Complaint as though fully set forth herein.

20. PETERSON has defaulted under the terms of the Agreement and Schedule by failing and refusing to make payments to PARADIGM.

21. PETERSON made the first and the last payments under the Agreement and Schedule, but failed and refused to make any subsequent payments to PARADIGM, despite demand.

22. As a result of PETERSON's default, PARADIGM has accelerated the entire balance due and owing pursuant to Sections 18 and 19 of the Agreement. Section 19(f), 19(g) and 19(k) provide

> Upon the occurrence of any Event of Default and at any time thereafter, Lessor may with or without giving notice to Lessee and with or without canceling the Lease, do any one of more of the following:
> \*\*\*
>
> f. declare any Lease or Leases immediately due and payable;
>
> \*\*\*
>
> g. declare immediately due and payable all amounts due or to become due hereunder for the full term of the Lease (including any renewal period or purchase options which Lessee has contracted to pay);
> \*\*\*
>
> k. exercise any other right or remedy which may be available to it under the Uniform Commercial Code or any other applicable law;

23. As a result of PETERSON's default, PARADIGM is also entitled to recover attorneys fees and costs, plus interest at the rate of 18% per annum. See Section 19 of the Agreement.

24. Further, PETERSON is entitled to late charges in the amount of ten percent (10%) for all payments due that remain unpaid for 10 calendar days after their due date. See Section 3 of the Agreement.

25. PETERSON is entitled to late charges in the amount of twenty (20%) for all payments due that remain unpaid for 20 calendar days after their due date. See Section 3 of the Agreement.

26. As of March 12, 2018, the following is due and owing to PARADIGM from

5

PETERSON:

    a) Remaining Payments - 26 x $11,115.00 = $288,990.00, which present valued at 4% is $265,516.06 as of November 11, 2017.

    b) Interest rate at 18% per annum, since November 11, 2017 to March 12, 2018: $265,516.06 x 0.18 /365 [$130.93 per day] x 121 days = $15,842.53

    Thus, the total due = $281,358.59 plus per diem after March 12, 2018 of $130.93 per day until the date of judgment, which $281,358.59 excludes 8 residual payments of $11,115.00 = $88,920.00, which $88,920.00 present valued at 4% is $81,697.25

    Therefore, the total due with the 8 residual payments included=$363,055.84 as of March 12, 2018, plus $130.93 per day until the date of judgment.

    In addition, "Lessee shall pay applicable legal fees at the rate of $250.00 per hour" per paragraph 20t of the Agreement.

27.    PARADIGM has demanded from PETERSON, amounts due and owing under Agreement and Schedule, however, PETERSON has failed and/or refused to make payment.

28.    PARADIGM has been damaged by PETERSONS' default in the amount of no less than $281,358.59, plus attorney fees at $250.00 per hour, plus prejudgment interest at $130.93 after March 12, 2018 until the date of judgment. In addition, PARADIGM seeks the amounts due for the residual period under the language of the Agreement, which amount is $81,697.25

WHEREFORE, Plaintiff PARADIGM EQUIPMENT FINANCE, INC. respectfully requests that the Court enter judgment against PETERSON MEDICAL SURGI-CENTER, S.C., in the amount of $281,358.59, plus prejudgment interest at $130.93 per day subsequent to March 12, 2018, until the date of judgment, plus attorney fees at $250.00 per hour, plus costs of suit, plus $81,697.25

for the residual period, and for all further relief that this Court deems just.

## COUNT II
## BREACH OF PERSONAL GUARANTIES
## AGAINST AREF, PAULINE, and ADVANCED DIAGNOSTICS

29. PARADIGM restates and realleges Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

30. In order to induce PARADIGM to enter into the Agreement and Schedule with PETERSON, AREF, PAULINE, and ADVANCED DIAGNOSTICS, each, unconditionally guaranteed PETERSON's payment and performance under the Agreement and Schedule. See Exhibits C-E.

31. PARADIGM has performed all of its obligations under Agreement and Schedule, and all conditions precedent to the institution of this action have been performed, have been excused or have been waived, and therefore PARADIGM has performed all of its obligations under AREF's Continuing Guaranty, PAULINE's Continuing Guaranty, and ADVANCED DIAGNOSTICS' Continuing Guaranty

32. PARADIGM has demanded that AREF, PAULINE, and ADVANCED DIAGNOSTICS satisfy PETERSON's indebtedness, but AREF, PAULINE, and ADVANCED DIAGNOSTICS, each, has failed and refused to do so.

33. PETERSON has been damaged by AREF, PAULINE, and ADVANCED DIAGNOSTICS's default, in the amount of no less than $281,358.59, as of March 12, 2018, exclusive of attorneys' fees and costs.

WHEREFORE, Plaintiff PARADIGM EQUIPMENT FINANCE, INC. respectfully requests that the Court enter judgment against AREF SENNO, PAULINE K. SENNO, and ADVANCED

DIAGNOSTICS, INC. jointly, and severally, along with PETERSON, in the amount of $281,358.59, plus prejudgment interest at $130.93 per day subsequent to March 12, 2018, until the date of judgment, plus attorney fees at $250.00 per hour, plus costs of suit, plus $81,697.25 for the residual period, and for all further relief that this Court deems just.

## COUNT III
## EQUIPMENT REPOSSESSION & LIEN FORECLOSURE

34. Plaintiff repeats and realleges Paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff is entitled to possession of the Equipment upon the failure of the Defendants to pay Plaintiff payments promised under the Agreement and Schedule and the Guaranties.

36. Section 9-609(a)(1) and (c) of the Uniform Commercial Code, captioned "Secured Party's Right to Take Possession After Default" provides, in pertinent part, that after default, a secured party may take possession of the collateral and, if so agreed by the parties, a secured party may require the debtor to assemble the collateral and make it available to the secured party at a place to be designated by the secured party which is reasonably convenient to both parties.

37. Plaintiff is entitled to the remedies provided under Uniform Commercial Code Article 9-609(a)(1) and (c) as to the Equipment. See also Section 19 of the Agreement which grants Plaintiff the right to recover and dispose of the Equipment.

38. Defendants are in possession or control of the Equipment

39. Defendants are wrongfully detaining the Equipment

40. The Equipment has not been taken for any tax, assessment or fine levied by virtue of any law of the state of Illinois, or any other any state, against the property of Plaintiff, or

against it individually, nor seized under any execution or attachment or order for replevin entered by any court against the goods and chattels of Plaintiff liable to execution or attachment, or order for replevin nor held by virtue of any order of replevin against Plaintiff.

41. The Equipment is not earnings and is not otherwise exempt from execution.

WHEREFORE, Plaintiff PARADIGM EQUIPMENT FINANCE, INC. respectfully requests that the Court (a) issue a turnover order against PETERSON MEDICAL SURGI-CENTER, S.C., AREF SENNO, PAULINE K. SENNO, and ADVANCED DIAGNOSTICS, INC., so that PARADIGM can foreclose on its interest in the Equipment, directing them to turn over possession of the Equipment under the Agreement and Schedule in good condition, less reasonable wear and tear, to Plaintiff within five (5) days from the date of this Court's order.

Respectfully Submitted,

PARADIGM EQUIPMENT FINANCE, INC.

By: /s/ Kenneth D. Peters
One of Its Attorneys

Kenneth D. Peters
ARDC #6186034
Dressler | Peters, LLC
70 West Hubbard Street
Suite 200
Chicago, IL 60654
(312) 602-7362 Telephone
(312) 637-9378 Facsimile
kpeters@dresslerpeters.com